[Cite as *In re A.S.*, 2012-Ohio-2172.]

STATE OF OHIO   )    IN THE COURT OF APPEALS
         )ss:   NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

IN RE: S.S.         C.A. No.  26197
   A.S.

              APPEAL FROM JUDGMENT
              ENTERED IN THE
              COURT OF COMMON PLEAS
              COUNTY OF SUMMIT, OHIO
              CASE Nos.  DN10-12-0861
                     DN10-12-0862

DECISION AND JOURNAL ENTRY

Dated: May 16, 2012

WHITMORE, Presiding Judge.

{¶1} Appellants, Kurt and Gina Walker, appeal from a judgment of the Summit County Court of Common Pleas, Juvenile Division, which awarded legal custody of S.S. and A.S. to the children's maternal aunt.  This Court affirms.

I

{¶2} A tragedy left S.S. and A.S. without parents.  The children were adjudicated dependent and placed in the emergency temporary custody of Summit County Children Services.  Subsequently, motions for legal custody were filed by (1) the maternal aunt, (2) the paternal step-grandparents, and (3) the paternal great aunt and uncle.  After trial, the court granted legal custody to the maternal aunt.  The paternal aunt and uncle filed this appeal and raise one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT ERRED IN GRANTING TISHA PERMANENT CUSTODY AS IT WAS NOT IN THE BEST INTEREST OF THE CHILDREN, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND DID NOT RISE TO THE STANDARD OF CLEAR AND CONVINCING.

{¶3} In their sole assignment of error, Appellants argue that the trial court's decision to grant legal custody[1] to the maternal aunt is against the manifest weight of the evidence. We cannot address the merits of the argument because the record is incomplete.

{¶4} At oral argument, Appellants explained that pursuant to App.R. 9 they only included portions of the transcripts which supported their argument. Unfortunately, Appellants misread App.R. 9.

{¶5} "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Const. Co.*, 54 Ohio St.2d 279 (1978), syllabus. In order for an appellate court to review a decision for "some competent, credible evidence," the reviewing court must have access to more than just the portion of the transcripts that support an appellant's argument.

> The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.

---

[1] Appellants mistakenly refer to the trial court's decision as a granting of permanent custody, however, the court granted the maternal aunt *legal* custody.

*Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). *Accord* App.R. 9(B). In this matter, Appellants included only a partial transcript of the proceedings. Without the entire transcript reflecting all of the testimony considered by the trial court, this Court cannot determine whether the trial court's determination is against the manifest weight of the evidence.

{¶6} Because the record is incomplete, this Court must presume that the trial court did not abuse its discretion when it found it was in the best interest of the children to be placed in the legal custody of the maternal aunt. Appellants' sole assignment of error is overruled.

### III

{¶7} Appellants' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT

MOORE, J.
BELFANCE, J.
<u>CONCUR</u>

<u>APPEARANCES</u>:

KURT WALKER and GINA WALKER, pro se, Appellants.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.

JAMES M. CAMPBELL and JULIET K. FALCONE, Attorneys at Law, for Appellees.